**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-21982-CV-WILLIAMS**

SILVESTRE PICADO,

    Plaintiff,

v.

M&S CARGO EXPRESS CORP.,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Defendant M&S Cargo Express Corp.'s ("***M&S Cargo***") Motion to Dismiss Plaintiff's Complaint (DE 15) ("***Motion***") to which Plaintiff Silvestre Picado ("***Picado***") filed a Response (DE 20) and Defendant filed a Reply (DE 21). For the reasons set forth below, Defendant's Motion (DE 15) is **DENIED**.

### I. BACKGROUND

In 2021, M&S Cargo, a Florida corporation with its principal place of business in Miami, Florida, hired Picado, a seventy-three (73) year old man and local Miami-Dade County resident, as a truck driver for the company. (DE 1 at 2.) Throughout his employment with Defendant, Plaintiff alleges he satisfactorily performed his duties without any grievances, infractions, or reprimands. (DE 1 at 2.) Then, on July 14, 2023, Defendant terminated Picado's employment because of his involvement in a motor vehicle accident. (DE 1 at 3.) According to Plaintiff, Picado was not at fault for the motor vehicle accident and Defendant's reliance on it as the justification for terminating Picado's employment is pretext for wrongful, age-related discrimination. (DE 20 at 2.) In support of his discrimination claim, Plaintiff alleges his supervisor, Darwin Guerrero ("***Guerrero***"),

excoriated him by saying, "[y]ou are too old . . . I cannot trust your skills . . . I cannot have old people working here," when the adverse employment decision was delivered to Plaintiff. (DE 1 at 3.)

Following these events, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission and received a Notice of Right to Sue. (DE 1 at 4, 6.) Plaintiff subsequently commenced this suit against his former employer alleging two (2) counts of age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, ("**ADEA**") ("**Count I**") and the Florida Civil Rights Act, Florida Statutes § 760.10, *et seq.* ("**FCRA**") ("**Count II**"), respectively. (DE 1 at 3–8.). Defendant moves to dismiss Plaintiff's claims as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) ("**Rule 12(b)(6)**").

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a complaint "does not need detailed factual allegations," it must provide "more than labels, and conclusions." *Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do.") (internal citations omitted). Rule 12(b)(6) does not allow dismissal of a claim because a court anticipates "actual proof of those facts is impossible," but the "[f]actual allegations must be enough to raise a right of relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545)*.*

In ruling on a 12(b)(6) motion, the court must accept the factual allegations in the complaint as true and draw reasonable inferences in plaintiff's favor. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). Although the court resolves all doubts or inferences in the plaintiff's favor, the plaintiff bears the burden to frame the complaint with sufficient facts to suggest that she is entitled to relief. *Twombly*, 550 U.S. at 556. Plaintiffs make a facially plausible claim when they plead factual content from which the court can reasonably infer that the defendants are liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. In determining whether a complaint states a plausible claim for relief, the court draws on its judicial experience and common sense. Dismissal pursuant to a Rule 12(b)(6) motion is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." *Shands Teaching Hosp. & Clinics, Inc. v. Beech St. Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

III.   **DISCUSSION**

Defendant contends that the Complaint should be dismissed in its entirety because Plaintiff failed to allege a *prima facie* case for age discrimination and impermissibly coupled claims of wrongful termination and hostile work environment in Count II.[1] (DE 15 at 2–3.)

---

[1] In Count II of the Complaint, Plaintiff expressly mentions twice that "[d]uring the course of Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of his age." (DE 1 at 6–

The ADEA and FCRA proscribe age-based discrimination by an employer against an employee who is at least forty (40) years of age.[2] *See* 29 U.S.C. § 631(a).  Under the ADEA, it is "unlawful for an employer to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." *See* 29 U.S.C. § 623(a)(1). In bringing a discrimination suit, a plaintiff can establish age discrimination either through direct or circumstantial evidence. *Mora v. Jackson Mem'l Found., Inc.*, 597 F.3d 1201, 1204 (11th Cir. 2010).

Direct evidence is evidence that establishes the existence of discriminatory intent behind the employment decision without any inference or presumption. *East v. Clayton Cnty., Ga.*, 436 Fed. App'x 904, 909 (11th Cir. 2011) (quoting *Standard v. A.B.E.L. Servs.*, 161 F.3d 1318, 1330 (11th Cir. 1998)).  As an example, direct evidence consists of "[o]nly the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age."  *Van Voorhis v. Hillsborough Cnty, Bd. of Cnty. Cmm'rs*, 512 F.3d 1296,

---

7.) As such, in Defendant's Motion, M&S Cargo argues that Plaintiff conflates two (2) separate claims of wrongful termination and hostile work environment into Count II of the Complaint. Accordingly, M&S Cargo argues that Count II should be dismissed as a shotgun pleading in violation of Rule 8 and 10 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 10(b); *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (noting that rules of procedure "require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading.") (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (citations omitted)). In response, Plaintiff concedes he "has not alleged a hostile work environment claim" and he is only bringing a wrongful termination claim under the ADEA and FCRA. (DE 20 at 6.)  Defendant did not offer a reply. Consequently, while the Complaint is imperfect, the Court determines that Defendant is on notice of Plaintiff's wrongful termination claims and the Complaint should not be dismissed as a shotgun pleading.

[2] Age-based discrimination claims brought under the Florida Civil Rights Act are analyzed using the same framework as actions brought pursuant to the ADEA. *Zaben v. Air. Prods. & Chems., Inc.*, 129 F.3d 1453, 1455 n.2 (11th Cir. 1997).  Accordingly, the Court will consider Plaintiff's ADEA and FCRA claims together.

1300 (11th Cir. 2008). However, remarks by non-decisionmakers or remarks unrelated to the decisionmaking process itself are not direct evidence of discrimination *Standard*, 161 F.3d at 1330.

Evidence that merely suggests a discriminatory motive is, by definition, circumstantial evidence. *Burrell v. Bd. of Tr. of Ga. Military Coll.*, 125 F.3d 1390, 1393–94 (11th Cir. 1997). When plaintiffs rely on circumstantial evidence to support their discrimination claim, the Court shall apply the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1217 (11th Cir. 2019) (en banc). Following that framework, plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. *Id.* To establish a *prima facie* case of age discrimination, a plaintiff must show that: (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) he was treated less favorably than, in this instance, a younger similarly situated employee; and (4) he was qualified to do the job. *East*, 436 Fed. App'x at 911.

Defendant primarily argues that the Court should dismiss Plaintiff's Complaint because Plaintiff failed to allege he was replaced or treated differently by an individual outside of his protected class and, as such, Plaintiff did not "plead, under the plausibility standard, each element of his discrimination claim." (DE 15 at 2; DE 21 at 4.) However, in asserting this argument, Defendant mistakenly conjoins the plausibility standard—that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"—with an evidentiary tool that is ordinarily reserved for summary judgment and not at the motion to dismiss phase. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Comcast Corp. v. Nat'l Ass'n of African*

*Am.-Owned Media*, 589 U.S. 327, 340 (2020) ("*McDonnell Douglas* sought only to supply a tool for assessing claims, typically at summary judgment when the plaintiff relies on indirect proof of discrimination."). In the Eleventh Circuit, the *McDonnell Douglas* framework neither represents an independent substantive standard of liability nor does it establish a separate pleading standard for discrimination cases. *Tynes v. Fla. Dep't of Juvenile Just.*, 88 F.4th 939, 944 (11th Cir. 2023); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (ruling that "*McDonnell Douglas's* burden-shifting framework is an evidentiary standard, not a pleading requirement."). Instead, at the motion to dismiss stage, the correct pleading standard in a discrimination case—the same as any other case—is the plausibility standard.

To satisfy the plausibility standard, plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Particularly, in a discrimination case, that means the complaint "need only provide enough factual matter (taken as true) to suggest intentional . . . discrimination." *Surtain*, 789 F.3d at 1246. Here, in evaluating Plaintiff's allegations, the Court concludes that Picado has alleged sufficient facts to state his claim for age discrimination. According to the Complaint, Picado was approximately seventy-two (72) years old when Defendant terminated him from his position as a truck driver for the company. At the time he was terminated, Plaintiff alleges his supervisor, Guerrero, told him: "You are too old . . . I cannot trust your skills. . . I cannot have old people working here." Such a statement from a supervisor, taken as true, provides the Court with enough factual matter to establish the existence of discriminatory intent when M&S Cargo terminated Picado. *See Carter v. City of Miami*, 870 F.2d 578,

582 n.10 (11th Cir. 1989) (collecting cases). Additionally, because Plaintiff does not need to prove a *McDonnell Douglas prima facie* case—which requires a showing that Plaintiff was treated less favorably than a younger similarly situated employee—the Court need not address Defendant's argument regarding the "proof" or lack thereof of a comparator at this juncture. *Tynes*, 88 F.4th at 944 ("*McDonnell Douglas*, in short, is an evidentiary tool that functions as a '*procedural* device, designed only to establish an order of proof and production.'") (quotations omitted).

## IV. CONCLUSION

Accordingly, having carefully reviewed the Motion, the record, and for the reasons stated above, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant M&S Cargo Express Corp.'s Motion to Dismiss Plaintiff's Complaint (DE 15) is **DENIED**.

2. Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, Defendant M&S Cargo Express Corp. shall file its responsive pleading to Plaintiff's Complaint **WITHIN FOURTEEN (14) DAYS** of the date of this Order.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 18th day of September, 2024.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE